UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENARD DARNELL NEAL, | ) | 1:11-CV-01361 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO AMEND PETITION TO NAME |
| v. | ) | A PROPER RESPONDENT |
| | ) | [Doc. #6] |
| C. DANIELS, Warden, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| Respondent. | ) | MOTION FOR TRANSFER |
| | ) | [Doc. #5] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On August 24, 2011, following a preliminary review of the petition, the undersigned issued an order granting Petitioner leave to file a motion to amend the petition to name a proper respondent. On October 7, 2011, Petitioner complied by filing a motion to name C. Daniels, Warden of U.S.P. Florence, Colorado, as Respondent in this case. Petitioner's motion will be granted as the warden of his institution is the proper respondent in this case. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992).

    Also pending before the Court is Petitioner's motion to transfer the matter to the United States District Court in Colorado, filed on October 7, 2011. At the time Petitioner filed the instant petition, he was incarcerated at U.S.P. Atwater, California, which is within the jurisdiction of this

1  Court. Insofar as Petitioner filed a § 2241 habeas petition challenging his present physical
2  confinement, venue was proper in this Court. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (A
3  § 2241 habeas petitioner challenging his present physical custody must file his petition in the district
4  of confinement). Since that time, Petitioner has been transferred to Colorado. Petitioner requests the
5  instant case be transferred as well. The Supreme Court has established that traditional venue
6  doctrines are fully applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241. Braden v.
7  30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973). Traditional venue
8  considerations include, but are not limited to, where 1) "the material events took place," 2) where the
9  "records and witnesses pertinent to petitioner's claim are likely to be found," and 3) whether the
10 forum is convenient for the parties. Id.

11     In this case, the material events took place at U.S.P. Atwater. In addition, the records and
12 witnesses are likely to be found at U.S.P. Atwater. Therefore, the first two considerations weigh in
13 favor of retaining the petition in this Court. The third consideration, convenience of the parties, does
14 not appear to be a factor at this time. Pleadings may be filed with this Court and orders may be
15 served on the parties just as easily in this Court as in Colorado. However, in the event it becomes
16 necessary for Petitioner to be physically present in Court, the third venue factor may strongly weigh
17 toward transfer. At this time, though, venue considerations weigh strongly in retaining the petition
18 in this forum.

19     Accordingly, Petitioner's motion to amend the petition to name C. Daniels as Respondent is
20 GRANTED, and Petitioner's motion for transfer is DENIED.

21
22     IT IS SO ORDERED.
23   Dated:   **October 17, 2011**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE
24
25
26
27
28