# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL, | 1:11-CV-01361 GSA HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| C. DANIELS, et al., | |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the United States Bureau of Prisons at the United States Penitentiary located in Florence, Colorado. On August 17, 2011, he filed the instant federal habeas petition challenging a prison disciplinary hearing held on November 18, 2009, in which he was found guilty of engaging in sexual acts. As a result, Petitioner was assessed, *inter alia*, a loss of 27 days of good conduct time.

On December 28, 2011, Respondent filed an answer to the petition. On February 24, 2012, Petitioner filed a traverse.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's answer to the petition, and the attachments to the answer.

**FACTUAL BACKGROUND**[2]

On October 5, 2009, Correctional Officer C. Harris was making rounds and noticed mail sticking out from Petitioner's cell door. As she approached the cell, she looked through the cell window and saw that the lights were on inside the cell. She viewed Petitioner lying on the bottom bunk bed completely nude and masturbating.

**DISCUSSION**

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241 extends to a person in federal custody if the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner was in custody at the United States Penitentiary in Atwater, California, which is located within the jurisdiction of this Court, at the time the petition was filed; therefore, this Court is the proper venue. 28 U.S.C. § 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

II.  Review of Petition

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due

---

[2]This information is derived from the incident report appended as Attachment 2 to Respondent's answer.

process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)

      In this case, it is clear Petitioner's due process rights were met. He was given advance written notice of the charges. The incident took place on October 5, 2009, and he was given a copy of the incident report on October 6, 2009. The hearing was not held until November 18, 2009. Petitioner was also provided an opportunity to call witnesses and present documentary evidence. He did not request any witnesses or submit any documentary evidence, but the hearing officer considered his written and oral statements. In his petition, he claims he was not able to present the Sexual Abuse and Prevention Booklet in his defense. As pointed out by Respondent, however, the material is inapplicable to prison disciplinary proceedings. Finally, Petitioner was provided a written copy of the decision which contained the summary of the evidence and reasons relied upon for the finding. Accordingly, his due process rights under Wolff were met.

      Due process also requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455. Here, the decision was supported by sufficient evidence in the form of an eyewitness account. Petitioner characterizes the incident report as "false"; however, his argument is merely a disagreement with the facts as determined by the hearing officer. In crediting the eyewitness account over Petitioner's, the hearing officer reasonably concluded Petitioner engaged in sexual activity.

      Petitioner also complains that masturbation is not a prohibited sexual act. In support of this argument, he cites to 18 U.S.C. § 2246 and other sections of the criminal code. As correctly argued by Respondent, these code provisions are inapplicable to prison discipline. 28 C.F.R. § 541.13, Table 3, lists prohibited acts for federal prisons. Code 205 lists as one of the acts, "Engaging in sexual acts," but the code section does not define "sexual act." Nevertheless, all courts which have considered this issue conclude that § 2246 is inapplicable and that a violation of Code 205 includes

the sexual act of masturbation.  See Sanders v. Warden, FCI Edgefield, 2008 WL 4279486 (D.S.C. 2008) (unpublished); Junious v. O'Brien, 2008 WL 86141 (W.D.Va.2008) (unpublished); Smith v. Federal Bureau of Prisons, 2007 WL 1225546 (W.D.Va.2007) (unpublished); McRea v. O'Brien, 2007 WL 128325 (W.D.Va.2007) (unpublished); Levi v. Holt, 192 Fed.Appx. 158, 2006 WL 2378874 (3d Cir.2006) (unpublished); Jones v. Williamson, 2006 WL 2715167 (M.D.Pa.2006) (unpublished); Ricco v. Connor, 132 Fed.Appx. 754, 2005 WL 1221507 (10th Cir.2005) (unpublished); Griffin v. Brooks, 13 Fed.Appx. 861, 2001 WL 788637 (10th Cir.2001) (unpublished).  Petitioner cites no applicable authority that "sexual act" need include another person, and even he concedes in his petition that masturbation is a sexual act: "Petitioner would be the first to admit that masturbation is the only form of sexual release Petitioner can achieve while in prison." (See Petition at 8.)

Finally, Petitioner contends that the hearing officer was not qualified to conduct the disciplinary hearing.  Victor Gonzales was the disciplinary hearing officer who presided over the hearing, found Petitioner guilty of committing the act, and imposed sanctions.  Victor Gonzales was not the incident reporting officer, he did not witness the incident, he was not a member of the initial reviewing committee, he played no role in preparing the case for the hearing, and he was trained and certified as a disciplinary hearing officer.  (See Answer, Decl. of Robert Ballash; Attachment 6.) Petitioner's argument is meritless.

In sum, all due process requirements were satisfied. The petition is without merit.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE; and

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case.


IT IS SO ORDERED.

Dated:   **March 15, 2012**              /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE